## Haines v. Haines

*George S. Black,* for plaintiff.

*Edmund C. Wingerd, Jr.,* for defendant.

WINGERD, P. J., June 24, 1955.—This case involves a complaint under The Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, 62 PS

§2043.31-2043.44. The complaint was filed in the Court of Quarter Sessions of Franklin County, by plaintiff Lulu M. Haines stating, inter alia, that her husband Percy S. Haines resides in Cumberland County, is engaged in gainful employment on a farm which he owns in Cumberland County, that his earnings are unknown and that he deserted plaintiff in 1950 and has contributed nothing towards the support and maintenance of plaintiff since sometime in or about the year 1944, and praying for support and maintenance in the amount of $15 each week.

The above complaint was presented to the court and on presentation the court made an order on May 3, 1955, in which he set May 20, 1955, for a hearing, ordering defendant to appear. The Sheriff of Franklin County made return that he had served defendant by mailing a true and attested copy of the complaint to defendant at his address in Cumberland County and had received a return receipt thereof signed by defendant. This procedure was followed by reason of the provisions of section 5 of the act: 62 PS §2043.35.

Defendant by his counsel appeared de bene esse and presented a petition, at the time set for the hearing, attacking the jurisdiction of the court over defendant. The court stayed proceedings and set a time for argument. The matter was later argued and the contention of defendant is that, in the instant case, Franklin County is the initiating county and Cumberland County is the responding county and that under section 12 of the act (62 PS §2043.42) the only power of this court is set forth in that section which is as follows:

"If the court of the county acting as an initiating county finds that the complaint sets forth facts from which it may be determined that the defendant owes a duty of support or the defendant is in default in payment on an order of support and that the court of

the responding county may obtain jurisdiction of the defendant or his property, it shall so certify to the responding county and shall cause three copies of (1) the complaint or order and (2) its certification to be transmitted to the court in the responding county."

The definitions of "Initiating County" and "Responding County" in section 2 of the act (62 PS §2043.32) are as follows:

" 'Initiating County' means any county in which any proceeding pursuant to this act is commenced.

" 'Responding County' means any county (including the initiating county) in which any proceeding pursuant to the proceeding in the initiating county is or may be commenced."

Taking into consideration section 12, above quoted, it seems clear that reference to the initiating county was inserted so that if defendant could be served in the initiating county the act could be invoked, and the court of the initiating county would have the power and jurisdiction of the court of the initiating county and the court of the responding county, for otherwise a plaintiff would be precluded from proceeding under the act, if desirable, merely because defendant could be served in the county in which a proceeding under the act was originally commenced.

There is no provision in the act authorizing service on a defendant in a proceeding under the act outside the county in which the proceeding is instituted, either originally in the initiating county or in the responding county pursuant to the proceeding in the initiating county, and proceedings under the act are civil proceedings.

Under section 12, above quoted, the court of the initiating county must find from the complaint "that the court of the responding county may obtain jurisdiction of the defendant or his property", which implies that jurisdiction of defendant can be obtained

only by service of process in the county in which a proceeding under the act is commenced either originally or pursuant to such original proceeding.

The court for the above reasons concludes that it was improper to make the order it did and that jurisdiction of defendant was not obtained.

Now, June 24, 1955, the order made by this court on May 3, 1955, is hereby canceled and annulled, and the court will certify the case to Cumberland County in accordance with section 12 of The Pennsylvania Civil Procedural Support Law.

*Note to Opinion and Decree*

Appearance de bene esse was not improper as this case was in the Court of Quarter Sessions and Pennsylvania Rules of Civil Procedure do not apply generally to that court: Act of June 21, 1937, P. L. 1982, sec. 1, as amended by the Act of March 30, 1939, P. L. 14, sec. 1, 17 PS §61.